**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan MARTINEZ–GOMEZ,
Defendant–Appellant.**

**No. 14-50427**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 4,
2016 Pasadena, California

Filed August 12, 2016

Vincent J. Brunkow, Federal Defenders of San Diego, Inc., San Diego, CA, for the Defendant–Appellant.

Mark R. Rehe, Assistant U.S. Attorney, United States Attorney's Office, San Diego, CA, for the Plaintiff–Appellee.

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

**MEMORANDUM** *

Juan Martinez–Gomez appeals the sentence imposed after he pled guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326. Applying our decision in *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009), the district court determined that Martinez–Gomez's prior conviction for assault with a deadly weapon in violation of California Penal Code § 245 qualified as a "crime of violence" within the meaning of United States Sentencing

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Guideline § 2L1.2 and therefore applied a 16–level upward adjustment. After calculating the Guidelines range as 37 to 46 months, the district court sentenced Martinez–Gomez to 37 months. We have jurisdiction pursuant to 8 U.S.C. § 1291, and we affirm.

1. The Supreme Court's decisions in *Descamps v. United States*, —— U.S. ——, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) and *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) are not "clearly irreconcilable" with our decision in *United States v. Grajeda*, 581 F.3d 1186 (9th Cir. 2009). *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). In *Grajeda*, we applied the elements-based categorical approach the Supreme Court established in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and concluded that California Penal Code § 245 is "categorically a crime of violence." *Grajeda*, 581 F.3d at 1197. Neither *Descamps* nor *Mathis* altered *Taylor*'s holding setting forth the pure categorical approach; rather, those decisions clarified when the modified categorical approach applies. *See Mathis*, 136 S.Ct. at 2251–54; *Descamps*, 133 S.Ct. at 2283–86. Because *Grajeda*—like this case—involves only the pure categorical approach, it remains good law. *See Grajeda*, 581 F.3d at 1189.

2. The Supreme Court's holding that a prior conviction is not an element of a subsequent offense that must be found by a jury beyond a reasonable doubt, *see Almendarez–Torres v. United States*, 523 U.S. 224, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was not overruled sub silentio by its decision in *Alleyne v. United States*, —— U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). To the contrary, the *Alleyne* Court explained that *Almendarez–Torres* "recognized a narrow exception to th[e] general rule" that "any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime" that must be found by a jury. *Alleyne*, 133 S.Ct. at 2160 & n.1 (citation omitted); *see also Mathis*, 136 S.Ct. at 2252 ("This Court has held that only a jury, and not a judge, may find facts that increase a maximum penalty, *except for the simple fact of a prior conviction*.") (emphasis added); *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). *Almendarez–Torres*, therefore, remains binding precedent.

**AFFIRMED.**